POOL vs. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.

*December 1 — December 13, 1881.*

RAILROADS: NEGLIGENCE. *(1) Injury to person riding on hand-car. (2) Defect in road. Court and jury. (3) Question of contributory negligence.*

1. Plaintiff, having been at divers times employed by defendant as a detective in cases of property stolen from its cars, was requested by defendant's agent, duly authorized for that purpose, to go from one station on defendant's road to another to aid in discovering persons who had stolen property from defendant's cars at the latter station; and the means of conveyance furnished by defendant was a *hand-car*. *Held*, that defendant was liable for any injury to plaintiff while riding upon said car,

caused either by the unfitness of such means of conveyance or by any negligence of defendant's servants in running the same, as by carelessly running it at a dangerous rate of speed.

2. The complaint avers that plank had been negligently placed at a highway crossing, between the iron rails of defendant's road, so that, instead of lying level with the grade, they were loose, warped and sticking up four or five inches above the proper level, so as to injure plaintiff by hitting his heels as he was riding on the car. *Held*, that the court cannot say as a matter of law that this does not show a defect in the road, constituting actionable negligence.

3. The complaint alleges that plaintiff, in sitting upon the hind end of the hand-car, with his feet hanging down, acted upon the advice of the person in charge of the car, and without being aware of the danger of the position. *Held*, on demurrer, that this does not show contributory negligence.

APPEAL from the Circuit Court for *Sauk* County.

Action for injuries received by the plaintiff while being transported on a hand-car on defendant's road, and alleged to have been caused by the negligence of defendant's servants. The essential averments of the complaint will appear from the opinion. The defendant appealed from an order overruling its general demurrer to the complaint.

*D. S. Wegg*, for the appellant.

*J. W. Lusk*, for the respondent.

COLE, C. J. 1. We think there was no error in overruling the demurrer to the complaint. The plaintiff was injured while being transported over the defendant's road from Portage City to Kilbourn City on a hand-car. The able and ingenious counsel for the defendant says that the company is not a common carrier by hand-cars, and is not chargeable with the liability of a carrier by that mode of transit. The correctness of this proposition may be conceded as a general rule. But the complaint states that plaintiff at divers times had been employed by the defendant to assist in ferreting out thefts, where property had been stolen from its cars, and that he was requested by an authorized agent of the company to go from Portage City, where he resided,

to Kilbourn City, for the purpose of aiding in discovering the thieves who had stolen property from its cars at the latter place; and that, upon his going to the depot at Portage City the means of conveyance provided by the company, or its agents, was a hand-car, upon which he was directed to ride. This shows that this mode of transit was authorized by the company; and the company was certainly under obligation to use reasonable care to insure his safe carriage in that manner. The company was bound to know whether the hand-car was a suitable, proper and reasonably safe means for transportation; and, further, it assumed the duty of seeing to it that the car should be used with due care by those entrusted with its management, even though the relation of common carrier and passenger did not exist between it and the plantiff. This was a legal duty springing from the relation of master and servant. It is true, the plaintiff was in the employ of the company as a detective, but he could not know the risks and perils of this mode of carriage. It would be unreasonable to say he assumed them all by his employment. Certain perils and dangers he doubtless did assume, but they were those incident to the detection and arrest of criminals. That was the business in which he was engaged. Therefore, in transporting him from Portage City to Kilbourn City, the company was bound to provide proper means of conveyance, and see that they were used with due care, so as not to subject the plaintiff to unnecessary danger. The cases of *Hoar v. Maine Cent. Railroad Co.*, 70 Me., 65, where the deceased was fatally injured while riding on a hand-car at the invitation of the foreman of the section, and *Eaton v. Delaware, L. & W. Railroad Co.*, 57 N. Y., 382, where the plaintiff was injured while riding on a coal train with the assent of the conductor, which counsel cited on this point, do not seem to have any direct application, in the view we have taken of the case.

2. But it is further insisted by the same counsel that no actionable negligence is stated. It is alleged that the hand-

car was run and propelled by those having it in charge at an unnecessarily fast, careless and dangerous rate of speed; that plank had been carelessly and negligently placed at a highway crossing between the iron rails, so that, instead of lying straight and flat, level with the grade, they were loose, warped, and sticking up above where they ought to have been, four or six inches — just high enough to hit the plaintiff's heels as he was riding on the car. Now, it is said that this shows no defect in the road-bed, because the plank would in no way interfere with the safe passage of the trains of the company over its line of road. But we are unable to say, as a matter of law, that it was not negligence for the company to leave the plank warped and elevated as alleged. Besides, if we could, it is averred that the car was carelessly run at a dangerous rate of speed. This, certainly, was an act of negligence; and, if the plaintiff was thereby injured, being without fault on his part, the company is liable.

3. The last objection taken to the complaint is, that such contributory negligence is shown as precludes a recovery for the injury. The plaintiff, while riding in the hind end of the car, with his legs and feet hanging over or down towards the ground, was injured by his heels coming in contact with the plank lying as above described. This threw him backwards under the lever handle of the car, which struck him with great force and violence on his neck and shoulders. It is alleged that the person in charge of the car directed him to take his seat on the hind end of the car, and let his legs and feet hang over the end in the manner they did. So it appears that the plaintiff did not voluntarily, or acting upon his own inclination, assume that position. He was wholly unaware of the danger of sitting in this manner on the car, and did what probably most persons would do under like circumstances — obeyed the direction of the person who had the car in charge. Now, can it be said that this act on his part amounted to negligence? It is said he was not excused in taking such a posi-

Naylor vs. The Chicago & Northwestern R'y Co.

tion, even at the express direction of the person in charge of the car, because he was bound to take proper precautions for his own safety. If the perils and danger of sitting in that manner on the end of the car had been known to him, or were obvious so that with the exercise of ordinary prudence he could have foreseen and comprehended them, there would be great force in this argument. Plain, obvious dangers may be guarded against or avoided by all, as counsel contends; and it is the duty of all persons to exercise proper diligence to avoid them under all circumstances. But in this case it is alleged the plaintiff was unaware of the danger of the position. He relied — and we think had the right to rely — on the judgment of the person in charge of the car, presuming that by following his directions in the matter he would not expose himself to any unnecessary or unusual peril. *Downey v. Hendrie* (Mich.), 9 N. W. Rep., 828, contains nothing in conflict with this view, as we understand the case.

For these reasons we think the demurrer was rightfully overruled, and the order of the circuit court must be affirmed.

*By the Court.*— Order affirmed.