CASE 100—PETITION ORDINARY—MAY 16.

# Favre v. Louisville and Nashville Railroad Company.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1. CONTRIBUTORY NEGLIGENCE BY PUTTING ARM OUTSIDE CAR WINDOW.—If a passenger on a railway train puts his arm or any part of his body outside a car when in motion, and by coming in contact with some object receives an injury he would not have received if he had kept his body entirely inside the car, he is guilty of such contributory negligence that he can not recover of the railroad company.

2. SAME—PLEADING.—While contributory negligence is a defense which must be affirmatively pleaded, yet it may be decided on demurrer to the petition that, according to the facts stated by the plaintiff, his own negligence, or want of ordinary or common care and caution, so far contributed to the injury complained of that but for his co-operating fault the injury would not have occurred, and that he can not recover. There are, however, two exceptions to the rule. One is where the injury is intentionally done, or results from willful negligence of the defendant, and the other is where the direct cause of the injury is the omission of defendant, after becoming aware of plaintiff's negligence, to use a proper degree of care to avoid the consequence of such negligence. But neither of these exceptions has any application to this case.

Favre v. Louisville and Nashville Railroad Company.

STONE & SUDDUTH, JAMES P. GREGORY for appellant.

1. When one company runs its trains over the defective road of another the former is responsible. (2 Rorer on Railroads, 1118; 2 Redfield on Railways, 329; Central Railroad v. Kanouse, 39 Ill., 272.)

2. Appellant's negligence is no justification of injury perpetrated by appellee if, by reasonable care and prudence on the part of appellee, the injury could have been avoided. (Yandell v. L. & N. R. Co., 17 B. M., 598; L. & N. R. Co. v. Collins, 2 Duv., 116; L. & N. R. Co. v. Sickings, 5 Bush, 10; L. & N. R. Co. v. Filbern, 6 Bush, 575; L., C. & L. R. Co. v. Mahoney, 7 Bush, 239; P. & M. R. Co. v. Hoehl, 12 Bush, 43; L. & N. R. Co. v. Wolf, 80 Ky., 82 )

3. Contributory negligence is no defense if appellee, by ordinary care, could have avoided the injury, or if willful neglect is shown. (Sullivan v. Lou. & Nash. R. Co., 9 Bush, 90; Jacob v. L. & N. R. Co., 10 Bush, 267; K. C. R. Co. v. Lebus, 14 Bush, 518; L. & N. R. Co. v. Brice, 84 Ky., 298.)

    Morel v. Miss. Valley Ins. Co., 4 Bush, 555, and L. & N. R. Co. v. Sickings, 5 Bush, 1, explained.

4. The allegations of the petition show gross or willful negligence on the part of appellee. (Spencer v. Milwaukee, &c., R. Co., 17 Wis., 487; Chicago & Alton R. Co. v. Pondron, 51 Ill., 333.)

5. The question of negligence was for the jury, and the demurrer should have been overruled. (52 Mo., 253; 51 Ill., 333; 17 Wis., 487; 21 Penn., 203; 108 U. S., 288.)

6. Even if plaintiff was guilty of gross negligence, the defendant is liable if it was also guilty of gross negligence. (Yandell v. Lou. & Nash. R. Co., 17 B. M., 598; Lou. & Nash. R. Co. v. Sickings, 5 Bush, 10.)

WILLIAM LINDSAY for appellee.

1. The conduct of appellant in unnecessarily putting his hand and arm outside the car window was gross negligence on his part. (Lou. & Nash. R. Co. v. Sickings, 5 Bush, 1-10; 2 Wood on Railways, pages 1104-1109; Pittsburg, &c., R. Co. v. McClung, 56 Pa. St., 295.)

2. If the plaintiff, by his own negligence, contributed to such an extent to produce the injury that but for his negligence it would not have happened, then he has no cause of action, unless the defendant's agents knew, or could have known by ordinary attention, of the peril in which plaintiff's negligence had placed him, and failed to observe reasonable care to avoid the injury. (Ky. Cent. R. Co. v. Thomas' Adm'r, 79 Ky., 163; L. & N. R. Co. v. McCoy, 81 Ky., 415.)

LYTTLETON COOKE on same side.

1. The petition shows upon its face such reckless and gross negligence on the part of plaintiff as to utterly preclude a recovery. (Morel v. Miss. Valley Life Ins. Co., 4 Bush, 535; Lou. & Nash. R. Co. v. Sickings, 5

Favre v. Louisville and Nashville Railroad Company.

Bush, 1; Pittsburg & Connellsville R. Co. v. McClurg, 56 Pa. St., 295; Todd v. Old Colony R. Co., 3 Allen, 18, and 7 Allen, 207; Holbrook v. Utica & Schenectady R. Co., 12 N. Y., 236; Lafayette & Ind. R. Co. v. Huffman, 27 Ind., 288; Ind. & Cin. R. Co. v. Rutherford, 29 Ind., 82; Telfer v. Northern R. Co., 30 N. J. Law, 190; Dale v. Delaware, &c., R. Co., 73 N. Y., 468; Hickey v. Boston & Lowell R. Co., 14 Allen, 429; Dunn v. Seaboard, &c., R. Co., 78 Va., 645; Pittsburg, &c., R. Co. v. Andrews, 39 Md., 329.)

2. Where the facts are stated and uncontradicted, whether such facts constitute negligence in the one party or the other to the proceedings, is purely a question of law to be determined by the court. (Lou. & Portland Canal Co. v. Murphy's Adm'r, 9 Bush, 527; Dolfinger v. Fishback, 12 Bush, 478; Jones' Adm'r v. Lou. & Nash. R. Co., 6 Ky. Law Rep., 694.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Appellant stated in his petition, to which a general demurrer was sustained, substantially: That appellee agreed to transport in its passenger cars from Louisville, over a route and on roads of other companies described, to the city of New York, State of New York, a military organization, of which he was then a member; that while traveling in appellee's cars under the agreement mentioned, occupying in the usual manner a seat in one of them, he "allowed his hand to protrude a short distance, not more than eight or ten inches, out of the window adjacent to his seat, not more than one minute, when, by reason of the gross negligence of appellee in running its train at an unusual and dangerous rate of speed over a portion of the road where there were numerous dangerous obstructions of which he, appellant, was ignorant, his arm came in contact with an obstruction in immediate proximity to the railroad track, whereby it was broken, and great suffering by him was caused," &c.

It does not make any difference in the legal aspect of this case at what rate of speed the train was running at the time, for the injury was not caused by defect of the railroad track, nor collision of the train with any object, but by contact of appellant's arm with an object beyond the car in which he was seated, and off the track, which would have produced the same result, even if the speed had been no greater than the usual rate at which through or fast passenger trains run.

The simple case presented is that of a passenger negligently putting his arm outside a fast moving car in which he was seated, and letting it so remain until struck by some object, and, as a consequence, injured and broken, which would not have occurred if he had kept his person entirely inside the car.

As has been held by this court contributory negligence is a defense which confesses and avoids the plaintiff's case, and must be affirmatively pleaded. (Paducah & M. R. Co. v. Hoehl, 12 Bush, 41; Ky. Central R. Co. v. Thomas, 79 Ky., 160). Still there is no reason why it may not be decided on demurrer to the petition whether, according to the facts stated by the plaintiff, he was guilty of such contributory negligence as to defeat his recovery.

The rule recognized and applied by this court is that if the plaintiff so far contributed to the injury complained of by his own negligence, or want of ordinary or common care and caution, that but for his concurring and co-operating fault the injury would not have occurred, he can not recover. (Paducah & M. R. Co. v. Hoehl; Ky. C. R. Co. v. Thomas.)    There

are two exceptions to. this rule. One is where the injury is intentionally done, or results. from willful negligence of the defendant; the other is where the direct cause of the injury is omission of the defendant, after becoming aware of the plaintiff's negligence, to use a proper degree of care to avoid the consequence of such negligence. The first has no application to this case whatever, and the other can have none unless the servants of every railway company be required to keep constant watch over passengers in order to prevent an act so palpably dangerous as putting the head or arm outside a car in motion, which would be unreasonable.

Louisville & N. R. Co. v. Sickings, 5 Bush, 1, was the case of a passenger who had his arm resting on the window sill of a moving car, the elbow protruding outward, when it came in contact with the leaning standard of a freight car standing on the switch track, but left so close to the main track that the standard rubbed against the passenger car window, striking and breaking his arm.

In considering the question of the company's liability many authorities were cited with approval in support of the doctrine that under like circumstances the passenger must be regarded as guilty of such contributory negligence as will deprive him of all right to claim compensation from the carrier for injury occasioned. But the following language was used in that case: "The voluntary situation of appellee's arm at the time of the injury must in law be deemed gross negligence which contributed to the injury, and which will preclude him from any right

of recovery, unless he can show negligence on the part of the defendant, or its agents or servants, and for whose conduct it is legally responsible."

It now seems to us that if the doctrine expressly recognized by this court, since that case was decided, to be reasonable and just, and that so manifestly accords with current of authority in this country, be adhered to, the plaintiff in this case, upon his own statement of facts, has no right to recover. For the rule of law that a party is precluded from recovering for an injury to which he so far contributed as that but for his own negligence and want of ordinary care it would not have happened, can upon neither principle or public policy be relaxed or qualified in this character of case, even if the conduct of the other party could be logically considered in any case.

Every person of ordinary intelligence traveling on a railroad well knows that human foresight can not anticipate, nor human skill and care provide, with absolute certainty, against accidents at all times and under all circumstances that result in personal injury and loss of life. The most that can be done is to lessen the risk as far as possible by requiring each company to keep its road in proper condition and repair ; to furnish proper and suitable machinery and cars, adopt salutary rules for, and by its servants exercise skill and active vigilance in, operating its trains. But still it is obvious the safety of each passenger must of necessity depend in many cases measurably upon his own conduct, and the law should, therefore, hold him to the duty of at least ordinary care and observance of rules made by the company for the

security and safety of passengers. Besides it seems to us public policy requires, because essential to the safety of railroad passengers generally, that it be clearly understood and kept in the mind of each one, as an incentive to caution and care, that he must suffer, without compensation from the company, for any injury caused by his own neglect and unnecessary exposure of person to danger in putting his head or limbs outside a car in motion.

　　Judgment affirmed.