Brinker vs. Meyer and others.

=========

BRINKER, Respondent, vs. MEYER and others, Appellants.

*November 23 — December 15, 1891.*

(1) *Evidence to vary written contract: Contemporaneous writings.*
(2) *Bond to pay debts: Notice of action: Costs.*

1. In an action upon a bond conditioned for the payment of all the debts of a firm, a list of debts, made at the same time as the bond but omitting the debt whose nonpayment is alleged as the breach of the bond, is not admissible in evidence to show the extent of the liability of the obligors on the bond.

2. The obligors in a bond conditioned for the payment of the debts of a firm are not liable for the costs of an action against the firm upon one of such debts, where notice of the action was not given nor its defense tendered to them.

APPEAL from the Circuit Court for *Ashland* County.

Action upon a bond conditioned for the payment of all the debts owing by a certain firm at the time of its dissolution. The facts will sufficiently appear from the opinion.

*John F. Dufur,* for the appellants, to the point that all contemporaneous written agreements were admissible in evidence and should be construed together, cited 1 Greenl. Ev. sec. 286; *Hahn v. Doolittle,* 18 Wis. 196; *Ballston Spa Bank v. Marine Bank,* 16 id. 125; *Elmore v. Hoffman,* 6

id. 68; *Cooper v. Tappan*, 4 id. 362, and note; *Norton v. Kearney*, 10 id. 443.

For the respondent the cause was submitted on the brief of *Rossman & Foster*.

ORTON, J.    The respondent, *Henry Brinker*, and the appellant *J. C. Meyer* were partners in the lime and cement business.    The respondent sold out his interest in said business and in its credits to the new firm, consisting of said *J. C. Meyer* and *T. F. Hubbell*, and the firm of *Meyer & Hubbell*, as principals, and *John McCarty* and *James M. Haggerty*, as sureties, gave the respondent a bond indemnifying him against all debts and claims against the old firm. This action is on the bond, alleging that they were indebted to R. G. Dun & Co. in the sum of $75, and that said R. G. Dun & Co. obtained judgment thereon against the respondent and the appellant *J. C. Meyer* before a justice of the peace, together with $17 costs; and that the defendants therein appealed to the circuit court, and the appeal was dismissed for want of prosecution, with $40 costs.    Execution was issued on said judgment against the respondent and said *Meyer*, and the respondent has been compelled to pay the same, together with said costs, and this action is to recover the same against the appellants; and judgment was rendered against all of the appellants, as the obligors of said bond, for the same, and this appeal is from said judgment.

The defendants, except said *Meyer*, answered, alleging, in substance, that there was a list or schedule of the debts of the old firm made when the bond was given, and this debt in favor of Dun & Co. was not on it, and that respondent assured the defendants that said list contained all of such debts, and that he fraudulently left several hundred dollars of assets out of said list, and that the subject matter of this action had been settled.    The court withdrew from the

jury all of the defenses except said settlement, and the jury found a verdict against the appellants for $132, which consisted of the said judgment and costs.

The only error complained of is the withdrawal from the jury of the matters of the answer relating to said list or schedule of the debts of the old firm. The learned counsel of the appellants contend that said list ought to have been received in evidence as a part of the bond, because it was made contemporaneous with the bond, and present at the time. The language of the condition of the bond is that, "whereas *Meyer* and *Hubbell* agreed to pay all the outstanding bills and accounts owing by said *Brinker* and *Meyer*," and "provided the said *Meyer* and *Hubbell* pay all just and legal debts due or owing as aforesaid, the obligation to be void, otherwise to be and remain in force." The admission in evidence of such list or schedule as containing all the debts owing by said *Brinker* and *Meyer*, and the debt to the said Dun & Co. left off said list, would materially alter, change, and modify the above condition of the bond. It would not then be *to pay all the debts* owing by *Brinker* and *Meyer*, but would be to pay only the debts mentioned on said list. The bond is silent as to such list. Such evidence would show a contemporaneous agreement as to the payment of the debts materially different from the condition of the bond, and this is not allowed by a familiar principle of law. *Racine Co. Bank v. Keep*, 13 Wis. 209. It would require parol evidence to connect the list with the bond so as to vary or alter its condition, and such evidence is inadmissible. *Jilson v. Gilbert*, 26 Wis. 637; *Knox v. Clifford*, 38 Wis. 651; *Strachan v. Muxlow*, 24 Wis. 21.

The ruling of the circuit court was correct, and there does not appear to have been any error in the record, except as to the costs in the original judgment, which make a part of the judgment against all the defendants. It does not appear that any notice was given to the defendants

*Hubbell, McCarty* and *Haggerty* of the action before the justice or in the circuit court, or that the defense thereof was tendered to them. They should not, therefore, be held for the costs in that case. The plaintiff should, therefore, remit such costs from the judgment as to these defendants, and take judgment for the amount as to them less said costs. *Pool v. C., M. & St. P. R. Co.* 53 Wis. 657.

*By the Court.*— The judgment of the circuit court as to the defendant *J. C. Meyer* is affirmed, and as to *John McCarty, T. F. Hubbell,* and *James M. Haggerty* is reversed, with option to the plaintiff to remit said costs and take judgment for the residue; otherwise the cause is remanded for a new trial therein as to the said last-mentioned defendants.