Johnson vs. Williard.

JOHNSON, Respondent, vs. WILLIARD, imp., Appellant.

*October 27 — November 15, 1892.*

*Promissory notes: Mistake in indorsement: Purchaser with notice:
Law or equity: Evidence.*

1. Where it was agreed between indorser and indorsee of a note that
   the indorsement should be without recourse, but by mistake it was
   written " with recourse," a subsequent purchaser with notice of said
   agreement cannot hold the indorser liable as such on the note.
2. In such case the indorser's seeming contract of liability is void, and
   the defense is available to him in an action at law on the note.
3. Evidence that the note was secured by a mortgage which the in-
   dorser formally assigned to the indorsee, and that in such assign-
   ment it was stipulated that no recourse should be had to the indorser
   on the note and mortgage, was admissible on the question of mis-
   take in the indorsement. , *Brinker v. Meyer,* 81 Wis. 33, distin-
   guished, and a statement in the opinion therein corrected.

APPEAL from the Circuit Court for *Ashland* County.
This action is upon a promissory note, and was brought
by the plaintiff, the indorsee and holder, against the maker
and an indorser thereof. The note in suit was made by
the defendant Lawrence for $400 and ten per cent. inter-
est, payable to the order of the defendant *Williard* two
years after the date thereof, which is October 23, 1889.
The defendant *Williard* indorsed the note for value to one
Lloyd by writing thereon, " Pay to the order of George
E. Lloyd, with recourse; " signing his name thereto, and
delivering the note thus indorsed to Lloyd. Afterwards,
and before the maturity of the note, Lloyd indorsed the
same for value to the plaintiff without recourse. At the
maturity of the note due proceedings were taken to charge
the indorser *Williard.* The above facts are undisputed,
and are found in the special verdict.

The defendant *Williard* answered, among other things,
that he indorsed the note to Lloyd under an agreement

between them that such indorsement should be without recourse, and with the intention and belief on the part of both of them that the indorsement should be, and was, in that form; but that either through mistake in writing the indorsement, or by erasure of the syllable "out" in the word "without," the indorsement erroneously reads "with recourse," instead of "without recourse," as the parties intended it should, and as they supposed and believed it did read. There is no proof or finding of such suggested erasure.

On the trial the jury found specially, among other things, that it was the intention and understanding of *Williard* and Lloyd, when the note was thus transferred by the former to the latter, that it should be and was thus transferred without recourse thereon to *Williard*, and that before he purchased the note the plaintiff had notice of such intention and understanding. In the view which the court has taken of the case, it is unnecessary to state the special verdict more fully.

Each party moved for judgment on the verdict. The motion of plaintiff was granted, and judgment in his favor for the amount due on the note by its terms, and for costs, was entered against both defendants. Defendant *Williard* appeals from such judgment.

For the appellant there was a brief by *Lamoreux, Gleason, Shea & Wright,* and oral argument by *E. F. Gleason.*

*John F. Dufur,* for the respondent, argued, among other things, that a contemporaneous written agreement, even between the immediate parties, is not admissible to vary a written contract when it requires oral evidence to connect the two writings. *Brinker v. Meyer,* 81 Wis. 33; *Racine Co. Bank v. Keep,* 13 id. 209; *Jilson v. Gilbert,* 26 id. 637; *Knox v. Clifford,* 38 id. 651; *Strachan v. Muxlow,* 24 id. 21. The defendant asks that the contract of indorsement be entirely and absolutely done away with, and a contract, the

Johnson vs. Williard.

exact opposite, substituted therefor. This could only be done between the original parties in a court of equity. 2 Pom. Eq. Jur. sec. 837, note, 845, 870, 1375. No oral proof of any kind is admissible to change the indorsement. *Charles v. Denis*, 42 Wis. 56; 2 Parsons, Notes & Bills, 23, 24, 520, 521; Tiedeman, Comm. Paper, sec. 274. The indorser cannot show against his indorsee that it was agreed that he should not be held liable and that his indorsement was without recourse. 1 Daniel, Neg. Inst. 534; *Dale v. Gear*, 38 Conn. 15, 9 Am. Rep. 353; 1 Greenl. Ev. sec. 272, note 2; *Bank of U. S. v. Dunn*, 6 Pet. 51; *Doolittle v. Ferry*, 20 Kan. 230, 27 Am. Rep. 166; *Lewis v. Dunlap*, 72 Mo. 174; *Lee v. Pile*, 37 Ind. 107.

Lyon, C. J. It is not objected by either party that the special verdict is unsupported by the proofs, and there was no motion for a new trial. Each party rests his case upon the verdict. Hence the verdict imports verity, and the only question on this appeal is, For which party (if either) should judgment be rendered upon it?

The indorsement of *Williard*, in its present form, expresses two contracts: (1) It assigns and transfers the note in suit to the indorsee; (2) it contains an agreement by *Williard* that if the payment of the note is demanded of the maker thereof at maturity; and, not being paid, if due notice of demand and nonpayment is given the indorser, he will pay the note. These are, in form, two separate, distinct contracts, in no way dependent upon each other. Concerning the contract of assignment there is no controversy. But the defendant *Williard* avers, and has introduced testimony tending to prove, that he did not contract for his personal liability on the note in any contingency, and that he unintentionally signed an indorsement in which, by mistake and contrary to the agreement and intention of the parties to the transaction, a contract for such liability

was inserted. The verdict sustains this contention of *Williard*, and establishes the further fact that, before he purchased the note, plaintiff had notice that it was the intention and understanding, both of *Williard* and Lloyd, that the note should be and was transferred to Lloyd without any recourse thereon against *Williard*.

Knowing the facts thus found by the jury before he purchased the note (which facts are verities in the case), the plaintiff is not a *bona fide* holder of the note, although he purchased it before maturity and paid value for it. He occupies the same position in respect to it in which Lloyd would have been had he retained the note and brought suit against *Williard* on his indorsement. This is elementary. It requires no argument to show that in such case Lloyd could not recover on an alleged contract which he knew never had an existence, but which had assumed the form of a contract by mistake and contrary to the intention and understanding of himself and the indorser. It is equally clear that Lloyd's assignee or indorsee of the note, with full notice of the facts, can be in no better position.

It is maintained by the learned counsel for plaintiff that the defense here interposed is not available in an action at law, but that the defendant *Williard* should have interposed an equitable counterclaim for the reformation of the indorsement. Were *Williard* seeking to substitute one contract for another, there might be force in their contention. But such is not the position of *Williard*. He is only seeking to show that he never made any contract for personal liability on the note, and that the stipulation for such liability on his indorsement was inserted therein by mistake. The rule of law is that " where mistake is such as to exclude real consent, and so prevent the formation of any contract, then the seeming agreement is void." 15 Am. & Eng. Ency. of Law, 625, note 1, tit. MISTAKE. The rule describes and includes the seeming contract in the present

Johnson vs. Williard.

case. The same being void as a contract, there can be no necessity to resort to a court of equity to expunge it from the indorsement. And it is of no significance if, in order to render the seeming contract of liability inoperative, it is or may be necessary to read the words " with recourse " in the indorsement as though written " without recourse." The substance of the whole matter is that the apparent contract of liability as an indorser is void, that is to say, is not a contract. Of this a court of law has cognizance, and, without any reformation of the indorsement, will refuse to enforce the void stipulations thus inserted therein by mistake.

On the trial the defendants offered to prove that the note in suit was secured by a mortgage which *Williard* formally assigned to Lloyd when he indorsed the note, and that in such assignment it was expressly stipulated that no recourse should be had to *Williard* on the note and mortgage. The court rejected the testimony. We think it was admissible on the question of mistake in the indorsement, which it would have tended to prove. But, inasmuch as the jury found the mistake on other evidence, the error in rejecting the offered testimony harms no one. The plaintiff relies upon the case of *Brinker v. Meyer*, 81 Wis. 33, to support the ruling, and reference is made to the subject here chiefly for the purpose of correcting an error in the statement of the pleadings in the opinion in that case. That action was upon a bond of indemnity to a retiring partner in the firm of Brinker & Meyer against all the debts of the firm. The sureties in the bond sought to prove that their undertaking was really to indemnify against such debts of the firm only as were specified in a certain schedule or list which they also offered in evidence. There was no claim that any mistake was made in writing the bond. That was written just as the parties had intended it should be. The schedule or list of creditors expressed no contract limiting the oper-

ation of the bond to the demands against the firm therein specified. Hence the proposition really was to alter and limit the obligation of the bond by proof of a contemporaneous parol agreement. The testimony was clearly inadmissible for that purpose. But it is stated in the opinion that when the bond was given the obligee therein, who was plaintiff in the action, fraudulently assured the sureties that such list contained a statement of all the indebtedness of the firm. Were such the fact, probably the rejected testimony should have been received to show that the obligee procured the signatures of the sureties by means of such fraudulent representations. But such is not the fact. The pleadings charge no such fraud upon the obligee. The only charge of fraud therein is that such obligee fraudulently omitted "from a schedule of assets several hundreds of dollars due and payable to the said firm of Brinker & Meyer." There is no averment of misrepresentation in respect to the indebtedness owing by the firm, and that is the reason the question of fraud was not considered in the opinion.

It is evident that the learned circuit judge who presided at the trial of the present action became satisfied that error had intervened, for at the trial term, on his own motion, he made an order setting aside the judgment and granting a new trial, on condition that defendant pay certain costs. The defendant declined to comply with the terms of the order, and appealed from the judgment.

*By the Court.*— The judgment of the circuit court is reversed, and the cause will be remanded with directions to that court to render judgment for defendant on the special verdict dismissing the complaint.