Sutton v. Todd.

---

### SUTTON ET AL. v. TODD ET AL.

[No. 2,626. Filed Jan. 10, 1900. Rehearing denied April 19, 1900.]

PLEADING.—*Complaint*.—A complaint should contain a succinct and definite statement of the facts relied upon to constitute a cause of action, which facts should be stated by direct averments, and not by way of recital, so that defendant may be apprised by the complaint itself of the facts upon which plaintiff expects to rely. *p. 520.*

SAME.—*Complaint.—Defense.*—A complaint which states a defense to the cause of action pleaded, and which fails to state facts avoiding such defense, is insufficient to withstand a demurrer. *pp. 520, 521.*

From the Jay Circuit Court.    *Reversed.*

*J. J. M. LaFollette, O. H. Adair* and *J. F. LaFollette,* for appellants.

*D. T. Taylor,* for appellees.

HENLEY, J.—This action was commenced by a complaint in two paragraphs. Each paragraph was separately challenged by demurrer in the lower court. The demurrers were overruled. This action of the lower court is assigned as error. It is contended by counsel for appellant that the court erred in overruling appellants' demurrer to the first paragraph of complaint. Appellants' objection is well taken. We will not encumber the reports with any part of this voluminous pleading. It contains, as a part of it, three distinct and separate contracts. It avers the violation in divers ways of each and all of them by appellants separately and jointly. We are unable, after a very careful study of the pleading, to determine upon what theory appellee was proceeding, and under no theory to which the facts together could be applicable would the complaint be sufficient to withstand a demurrer for want of facts. A complaint should contain a succinct and definite statement of the facts relied upon to constitute a cause of action, and they should be stated by direct averment, and not by way of recital, so that the defendant may be apprised by the complaint itself of the facts upon which the plaintiff expects to rely. *Lincoln* v. *Ragsdale,* 7 Ind. App. 354; *Pennsylvania Co.* v. *Zwick,* 1 Ind. App. 280. Neither does the complaint contain a plain statement of the facts constituting a cause of action in such manner as to enable a person of common understanding to know what is intended. See §338 Horner 1897.

If it was intended to count upon the violation of the first agreement, the complaint is bad, because the pleader has stated a valid defense without avoiding it. In *Western Union Tel. Co.* v. *Yopst,* 118 Ind. 248, 3 L. R. A. 224,

Elliott, C. J., speaking for the court, said: "Where a plaintiff undertakes to plead and avoid a defense, his complaint will be bad if he does not avoid the defense he assumes to state. If he states a valid defense without avoiding it, he destroys his cause of action. He is not bound to anticipate a defense, but if he undertakes to do so and goes no further than to state a defense, he nullifies his complaint." Nor could the complaint be good upon the theory that it is a complaint to set aside a contract of settlement and for an accounting. Sufficient facts are not alleged to show fraud or mistake in the settlement, by which all matters connected with the execution of the first contract were set at rest. Nor could the complaint have been intended by the pleader as an action upon the bond set out in the complaint, the bond being the individual contract of appellant William G. Sutton. We are unable to find any authority which would justify us in holding the first paragraph of complaint good.

The judgment is therefore reversed, with instructions to the lower court to sustain the demurrer to the first paragraph of complaint.