## KNAUSS v. LAKE ERIE AND WESTERN RAILROAD COMPANY.

[No. 3,825.   Filed May 27, 1902.]

NEGLIGENCE.—*Complaint.*—*Contributory Negligence.*—Where a complaint in an action for personal injuries resulting in death states facts constituting a cause of action, but also states facts showing that decedent was guilty of negligence contributing to his own injury, it will be held bad on demurrer.  *pp. 219, 220.*

CARRIERS.—*Contributory Negligence.*—In an action against a carrier for personal injuries of plaintiff's son, resulting in his death, the complaint showed that plaintiff and his son, a boy ten years of age, were riding in defendant's passenger car as passengers; that defendant ran its train against cars which it had negligently left near the track, causing a loud and unusual noise, jarring and jostling the passengers, and that plaintiff's son, under the sudden impulse of fear and excitement, put his head out of the car window and came in contact with the car on the side-track, causing the injuries.  *Held,* that the complaint shows negligence on the part of decedent precluding a recovery.  *pp. 217–222.*

From Clinton Circuit Court;  *J. V. Kent,* Judge.

Action by John E. Knauss against the Lake Erie and Western Railroad Company for damages for the death of his infant son. From a judgment for defendant on demurrer to the complaint, plaintiff appeals. *Affirmed.*

*O. E. Brumbaugh* and *Joseph Combs*, for appellant.

*J. B. Cockrum, C. H. Guenther* and *A. B. Clark*, for appellee.

HENLEY, P. J.—This was an action for damages growing out of the death of the appellant's infant son by the alleged wrongful act of appellee.

The material averments of the complaint pertinent to the question herein involved are as follows: That appellee was, on the 30th day of September, 1899, a carrier of passengers for hire, and run and operated the Lake Erie and Western Railroad. That on said day the appellee, in consideration of a railroad ticket having been purchased from it by the appellant, and the railroad fare in the sum of ——— dollars having been first paid by the appellant for himself, his wife, daughter, and said infant son, undertook safely to transport and carry the appellant's said son as a passenger, in company with appellant and his family, upon one of its regular passenger trains over and upon its railroad, westward bound, on his way home through the State of Indiana, and the counties of Tipton and Clinton to the city of Frankfort, Indiana; and that the appellant's said son took passage upon and was riding as a passenger in one of the appellee's regular passenger cars, forming and composing a part of one of appellee's regular passenger trains, on his way westward to the city of Frankfort, Indiana.

That at a point on said railroad about one and one-half miles west of the city of Tipton, Indiana, the appellee, prior to and on said day, owned, had, and operated a number of switch tracks connected with the main line of said railroad at a point and extending and diverging from said point to the northeast; that prior to and on said date the appellee had carelessly and negligently placed, and caused

and permitted to remain standing, upon one of said switch tracks a number of railroad cars near the point where said switch tracks connected with the said main line, and at a point so near the switch track next to and located immediately south of the switch track upon which said cars had been placed, and were then standing, that a passenger car or train of passenger cars could not be run along or pass along the switch track next south of said standing cars without striking against and colliding with said standing cars; that upon said day, as the passenger train upon which appellant's son was riding arrived at the point of the railroad where the switch tracks were located, the appellee knowingly, negligently, and carelessly run and backed said passenger train upon which the appellant's son was riding as a passenger in and upon the switch track next to and immediately south of the standing cars and thereby running the passenger train against the standing cars and causing a collision between the passenger train and the standing cars; that the collision caused a loud and unusual noise, jarred and jostled the passenger cars upon which the appellant's son, in company with the appellant's family, was riding as a passenger, and thereby greatly excited, disturbed, and frightened him, and caused fright and commotion and excitement amongst the passengers in the passenger car, including appellant's son; that appellant's son was of young and tender years, to wit, ten years of age; that he had no experience in traveling upon a railroad train, and was entirely unacquainted therewith; that he was ignorant of the fact that the cars were standing on the switch track, and that the appellee was backing the passenger train in upon the switch track next to said standing cars; and that he was ignorant of any danger incident to putting his head out of the car window of the car upon which he was riding; that the appellant's son was greatly excited, disturbed, and frightened by the collision and the unusual and frightful noises made thereby, and the commotion, disturbance, and

excitement of his fellow passengers, and the jarring and jostling of the car upon which he was riding; that while he was in this disturbed, excited, and frightened condition, and acting under the sudden impulse of fear and excitement, and the apprehension of danger, he undertook to and did put his head out of the passenger car window next to him; that as he did so a corner or projection or other portion of said standing cars to the plaintiff unknown, struck and caught the top of his head in the window and pressed and crushed it against the side of the passenger car window through which he had protruded his head, and then and thereby, and by reason of said carelessness and negligence of the appellee, he was instantly killed.

The remaining allegations of the complaint are only as to the relationship existing between the appellant and the person killed, and averments as to the damage sustained. The trial court sustained appellee's demurrer to the complaint, and the correctness of this ruling is the only question presented by this appeal.

The trial court properly sustained appellee's demurrer to the complaint. To actions of this character contributory negligence is made a defense by statute in this State. Acts 1899, p. 58. It is settled law, and applicable to the facts averred in appellant's complaint, that a railroad company, acting as a carrier of passengers for hire, must exercise the highest degree of care in all things pertaining to the conduct and management of its trains, with a view to the safety of its passengers. The railway company will be held liable for any injury to a passenger resulting from its negligence or carelessness, unless such passenger be guilty of contributory negligence. *Louisville, etc., R. Co.* v. *Snyder,* 117 Ind. 435, 3 L. R. A. 434, 10 Am. St. 60; *Hammond, etc., R. Co.* v. *Spyzchalski,* 17 Ind. App. 7; *Pennsylvania Co.* v. *Marion,* 123 Ind. 415, 7 L. R. A. 687, 18 Am. St. 330; *Louisville, etc., R. Co.* v. *Lucas,* 119 Ind. 583, 6 L. R. A. 193; *Prothero* v. *Citizens St. R. Co.,* 134 Ind. 431.

It has been often held that where a complaint states facts constituting a cause of action, but also states facts which constitute a defense, it will be held bad on demurrer. *Behrley v. Behrley*, 93 Ind. 255; *Kammerling* v. *Grover*, 9 Ind. App. 628; *Sutton* v. *Todd*, 24 Ind. App. 519; *Calvo* v. *Davies*, 73 N. Y. 211, 29 Am. Rep. 130; *Bowlus* v. *Phenix Ins. Co.*, 133 Ind. 106, 20 L. R. A. 400. It necessarily follows that if the complaint shows that the decedent was guily of negligence, which contributed to his injury, it must be held not to state a cause of action.

It seems to have been universally held by the courts in this country that if a passenger on a railway train protrude any part of his body through a window of the car, it is negligence *per se*. The case of *Indianapolis, etc., R. Co.* v. *Rutherford*, 29 Ind. 82, 92 Am. Dec. 336, early established this doctrine in Indiana. It was there said: "Nothing is better settled than that in such a case, if the plaintiff's negligence has directly contributed to the injury, he can not recover. A passenger is as much bound to use reasonable care to avoid injury as the carrier is to use the greatest degree of skill and care to save the passenger from harm. Nor does the duty of the carrier extend to the imprisonment of the passenger so as to prevent the latter, by his recklessness or folly, from voluntarily exposing himself to needless peril. Though a passenger, he is nevertheless a free man. Railway coaches are provided with windows to promote the health of passengers by affording light and ventilation, and that the tedium of a journey may be relieved in some degree, and its pleasures enhanced, by viewing the objects along the route. The place for the passenger is inside, not outside, of the coach, and this is known to everybody who ever saw a railway coach."

In the case of *Pittsburgh, etc., R. Co.* v. *McClurg*, 56 Pa. St. 294, where the person injured was riding with his arm protruding from the car window and came in contact with a car standing on an adjoining side-track, Thompson, C. J.,

delivering the opinion of the said court, said: "A passenger, on entering a railroad car, is to be presumed to know the use of a seat, and the use of a window; that the former is to sit in, and the latter is to admit light and air. Each has its separate use. The seat he may occupy in any way most comfortable to himself. The window he has a right to enjoy—but not to occupy. Its use is for the benefit of all, not for the comfort alone of him who has by accident got nearest to it. If, therefore, he sit with his elbow in it, he does so without authority; and if he allow it to protrude out, and is injured, is this due care on his part? He was not put there by the carrier, nor invited to go there, nor misled in regard to the fact that it is not a part of his seat, nor that its purposes were not exclusively to admit light and air for the benefit of all. His position is, therefore, without authority. His negligence consists in putting his limbs where they ought not to be, and liable to be broken without his ability to know whether there is danger or not approaching. In a case, therefore, where the injury stands confessed, or is proved to have resulted from the position voluntarily or thoughtlessly taken, in a window, by contact with outside obstacles or forces, it can not be otherwise characterized than as negligence, and so to be pronounced by the court."

In the case of *Dun* v. *Seaboard, etc., R. Co.,* 78 Va. 645, 49 Am. Rep. 388, a passenger was riding with his arm out of the window about two inches, when it came in contact with some cord-wood piled beside the track. There the court said: "It seems to be the better rule, both upon authority and upon reason, that the passenger, being endowed with intelligence which enables him to foresee and to avoid danger, the exercise of at least ordinary prudence is required on his part to escape it; and if, by his failure to exercise these faculties for his own preservation, a misfortune befall him, though the carrier may have been in fault, it will be attributed to his own carelessness and inattention, and the responsibility will not be thrown on the carrier."

To the same effect are the well considered cases of *Favre* v. *Louisville, etc., R. Co.,* 91 Ky. 541, 16 S. W. 370; *Georgia, etc., R. Co.* v. *Underwood,* 90 Ala. 49, 8 So. 116, 24 Am. St. 756; *Todd* v. *Old Colony, etc., R. Co.,* 3 Allen 18; *Carrico* v. *West Virginia, etc., R. Co.,* 35 W. Va. 389, 14 S. E. 12; *Baltimore, etc., R. Co.* v. *Jones,* 95 U. S. 439, 24 L. Ed. 506.

The showing in the complaint that decedent was only ten years of age is not of itself sufficient to prevent the application of the rule of contributory negligence. The complaint contains no allegation of incapacity other than age. A great many authorities on this proposition are collected and reviewed in the case of *Wolfe* v. *Peirce,* 24 Ind. App. 680.

If we concede that the complaint charges negligence on the part of appellee, it is plain that it also states a complete defense to the action which would arise therefrom, and does not state facts which would avoid such defense.

We find no error. Judgment affirmed.