John Boesen, appellant, v. Omaha Street Railway
Company, appellee.

Filed June 22, 1907.    No. 15,073.

1. **Carriers: Injury: Contributory Negligence.** A party cannot be
   charged with contributory negligence on account of taking a place
   on a crowded street car designated by the conductor of the car.

2. **Instructions.** An instruction not based upon the evidence, al-
   though correct as a legal proposition, is ground for the reversal
   of a judgment if it has a tendency to mislead the jury. *Esterly
   Harvesting M. Co. v. Frolkey*, 34 Neb. 110.

Appeal from the district court for Douglas county:
Lee S. Estelle, Judge. *Reversed.*

*T. W. Blackburn* and *Richard S. Horton*, for appellant.

*W. J. Connell* and *J. L. Webster*, contra.

Duffie, C.

On a former appeal taken by the Omaha Street Railway
Company the judgment was reversed and the cause re-
manded on account of misdirection of the court. 74
Neb. 764. A retrial of the case resulted in a judgment for
the defendant, and the plaintiff has appealed, alleging
error in the instructions given by the court and in refus-
ing instructions asked by the plaintiff. A statement of the
case will be found in the opinion of Mr. Commissioner
Albert on the former appeal, and the facts need not again
be repeated here. It is conceded that the accident took
place at what is known as the "blind switch," just north
of O street, in the city of South Omaha. The evidence
is undisputed that the plaintiff was standing on the run-
ning board of the rear or trailer car, and his claim is
that, on reaching the blind switch, the car was derailed,
throwing him to the pavement and causing the injuries for
which he brings suit. The plaintiff testified that both the
motor and trailer car were crowded at the time he boarded

the trailer; that the conductor in charge of the car directed him to stand upon the running board. This evidence is undisputed, and plaintiff is corroborated by other witnesses that he stood on the running board because both the motor and trailer were crowded with passengers. It was claimed by the defendant that plaintiff was guilty of contributory negligence in riding upon the running board of the car, and this was brought to the attention of the jury by the third instruction of the court, who further said to them: "If you find from the evidence in this case that in so riding he was guilty of negligence which contributed to his injury, then the plaintiff would not be entitled to recover, and your verdict should be for the defendant." The plaintiff requested the following instruction upon that phase of the case: "You are instructed that, if the plaintiff was standing on the running board of the car at the invitation of the defendant, his standing on said running board would not of itself constitute negligence on his part." We have no doubt that the plaintiff was prejudiced by the instruction given by the court, and by his refusal to give the instruction asked by the plaintiff. If a passenger, at the direction of those in charge, takes a designated place on the car of the company, he cannot be charged with negligence solely from the fact that he rode in such position. He cannot be charged with contributory negligence because of the position which he occupies at the direction and request of the company. The negligence, if any, in standing where he is directed, is the negligence of the company.

In *Spooner v. Brooklyn City R. Co.*, 54 N. Y. 230, 13 Am. Rep. 570, it is held: Assuming that deceased had a right to be safely carried by appellant to the stockyards, he had a right to suppose that he would not be assigned to a place of extra hazard or peril, and that, to whatever place assigned, reasonable care would be exercised to protect him from injury. In *City R. Co. v. Lee*, 50 N. J. Law, 435, the court said: "It certainly cannot be contributory negligence that he, at the invitation of the defendant,

exposed himself to risk of danger created by the defendant, and which he did not know and of which no warning was given. The position of this outside platform undoubtedly was attended with some risks and exposure. One riding in that manner is chargeable with the knowledge that the public highway on which the track lies is used in all its parts by the ordinary vehicles of travel; that there is a liability of collision with such vehicles in passing. And had the plaintiff received his injury from such cause, it may be that negligence contributing to his injury would be imputed to him."

If the plaintiff in this case had been injured by a passing vehicle, it is possible, although we have some doubt on the proposition, that he might be charged with contributory negligence, but he certainly cannot be so charged when he occupied the place by the direction of the conductor in charge of the car, if the accident occurred from the operation of the train or from defects in the car or the tracks. The ninth instruction of the court is in the following language: "You are instructed that, if you believe from the evidence that plaintiff attempted to get off the car while it was in motion and fell with his knee upon the pavement, he cannot recover in this action, and your verdict must be for the defendant." The plaintiff testified that he was thrown from the foot board by the car being derailed at the blind switch near O street. The witnesses Oldman, Jodeit and Mrs. Tobin each testify that the trailer jumped the track at that point. We have searched the record in vain for any evidence tending to show that the plaintiff of his own volition got off the car while it was in motion. The instruction assumes that there was evidence to go to the jury, and submits to them a fact of which no evidence exists, and this, under the repeated holdings of this court, was error. The rule is so familiar that a citation of authorities is unnecessary. Other alleged errors need not be discussed, as the case will have to be reversed and remanded on account of those already noticed.

We recommend a reversal of the judgment and remanding of the cause for another trial.

EPPERSON and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for another trial.

REVERSED.