# WILLIAM P. SHIELDS v. MINNEAPOLIS, ST. PAUL, ROCHESTER & DUBUQUE ELECTRIC TRACTION COMPANY.[1]

January 16, 1914.

Nos. 18,320—(200).

**Duty to give passenger warning of danger — question for jury.**

1. Plaintiff was injured while riding in the baggage compartment of one of defendant's cars. He was sitting in the doorway, with his feeting hanging outside. His feet came into contact with a platform of defendant. The train was overcrowded. There is evidence that defendant's trainmen directed passengers to ride in the baggage car, assented to their sitting in the doorway with their feet outside, took up tickets from them while so seated, and on one occasion cleared a place for them to sit in this manner. *Held* a question for the jury whether there was imposed on defendant a duty to warn passengers of the proximity of this platform to the track, and whether failure to give such warning was negligent. When a passenger carrier overcrowds its train beyond its seating capacity, it is bound to exercise care proportioned to the increased danger caused by such overcrowding.

**Contributory negligence.**

2. The question of plaintiff's contributory negligence was also for the jury. His conduct would under ordinary circumstances be negligent. But, where an act ordinarily negligent is done by a passenger upon the express

[1] Reported in 144 N. W. 1092.

---

Note.—On the question of the carrier's duty to passenger on overcrowded street car, see note in 4 L.R.A.(N.S.) 399. And for injuries received on crowded railroad trains, see note in 24 L.R.A. 710.

or implied invitation of the employees in charge of the train, the passenger will not as a rule be charged with contributory negligence as a matter of law. The act of the passenger may be so obviously dangerous that even such invitation will not relieve him of contributory negligence. The act of plaintiff in this case was not so inherently dangerous that it can under all the circumstances be said to be negligent as a matter of law.

Action in the district court for Ramsey county to recover $538 for injury received while a passenger upon defendant's train. The answer alleged that the injuries were caused solely by the negligence of plaintiff. The case was tried before Olin B. Lewis, J., who, when plaintiff rested, denied defendant's motion to dismiss the action and at the close of the testimony defendant's motion for a directed verdict in its favor, and a jury which returned a verdict for $375 in favor of plaintiff. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*M. H. Boutelle* and *R. T. Boardman,* for appellant.
*Willis & Cahill,* for respondent.

HALLAM, J.

On July 7, 1912, plaintiff and a party of young people took passage on defendant's train at Minneapolis, calculating to go to Antlers Park and return. On the return trip plaintiff was injured. He was riding in the baggage car and sitting with others in the doorway, with his feet hanging outside, when his feet came into contact with the platform of a station along the route. Plaintiff claims defendant's negligence caused the injury. Defendant denies negligence on its part and claims plaintiff's own negligence caused the injury. The jury found for plaintiff. The question is, does the evidence sustain the verdict?

1. First as to the negligence of defendant. Negligence presupposes a duty. Ordinarily defendant owes no duty to a passenger who sits in a baggage car with his feet exposed outside the car. Benedict v. Minneapolis & St. L. R. Co. 86 Minn. 224, 90 N. W. 360, 1133, 57 L.R.A. 639, 91 Am. St. 345. Yet facts and circumstances may be such as to impose a duty in such a case   In this

case this car consisted of separate compartments, one for baggage, one for passengers. The passenger compartment was crowded, and there were not enough seats for all. There is evidence that the conductor had told some passengers to go into the baggage car. Certain it is that a considerable number of them rode in the baggage car with the knowledge and consent of the trainmen. The day was warm, the baggage compartment had no openings except a door on each side, and in the interior of the car the heat was excessive. There is ample evidence that, during the whole down trip and on the way back up to the time of the accident, some of plaintiff's party were continuously sitting in the doors of the baggage car in the position plaintiff occupied when injured; that the conductor knew this and took tickets from such passengers and made no objection. There is evidence that, as the train was about to return, the motorman wiped the door-sill of the baggage car and laid papers on it for passengers to sit upon, in the very place where plaintiff later sat.

The claim of negligence in this case lies in the failure to warn these passengers of the proximity of this platform to the track. We cannot say as a matter of law that defendant did not owe this duty. Defendant as a common carrier owed its passengers the duty to exercise for their safety the highest degree of care consistent with the practical operation of its train. It is the carrier's duty to provide its passengers with a seat and with a safe place to ride, and when it overcrowds a train beyond seating capacity, it is bound to exercise care proportioned to the increased danger caused by such overcrowding. Alabama Great So. R. Co. v. Gilbert (Ala.) 60 South. 542. The position of this platform was known to defendant. If, as plaintiff claims, defendant's passenger compartment was crowded, and passengers were invited to ride in the baggage car, and if then they were permitted, and even invited, to sit in this doorway, the only portion of the baggage car where relief from the heat could be obtained, clearly the question, whether there existed a duty to give warning of such an obstruction along the track known to defendant, was one of fact for the jury to determine.

2. The same considerations make the question of plaintiff's con-

tributory negligence one for the jury. Plaintiff was not chargeable with the high degree of care imposed upon defendant. The care of an ordinary prudent person is the measure of his duty. Ordinarily it is contributory negligence for one to ride in the door of a baggage car with any part of his body outside of the car. Interurban Ry. and Terminal Co. v. Hancock, 75 Oh. St. 88, 78 N. E. 964, 6 L.R.A.(N.S.) 997, 116 Am. St. 710, 8 Ann. Cas. 1036; Knauss v. Lake Erie & W. R. Co. 29 Ind. App. 216, 64 N. E. 95. But there are circumstances under which a person might ride in this manner without being chargeable with negligence as a matter of law. We think this is such a case. Plaintiff had a right to pay some heed to the conduct of the trainmen, and their conduct has important bearing on the question whether or not he was in the exercise of ordinary care. Where an act is done by a passenger upon the invitation, express or implied, of the trainmen, the passenger will not, as a rule, be charged with contributory negligence as a matter of law. The carrier knows far better than the passenger the dangers arising from an exposed situation and from irregular modes of travel, and the passenger is entitled to place great reliance on the invitation or assent of the carrier's servants, who are so highly charged with his protection and care. Butler v. St. Paul & D. Ry. Co. 59 Minn. 135, 60 N. W. 1090; Holden v. Great Northern Ry. Co. 103 Minn. 98, 114 N. W. 365; Hull v. Minneapolis & S. S. M. Ry. Co. 116 Minn. 349, 133 N. W. 852. There are many well considered decisions illustrative of this rule.

In Indianapolis & St. L. R. Co. v. Horst, 93 U. S. 291, 23 L. ed. 898, a stockman riding in a caboose was held not chargeable with contributory negligence in getting on top of the train at the direction of the conductor.

In Louisville & N. R. Co. v. Kelly, 92 Ind. 371, 47 Am. Rep. 149, plaintiff came into a crowded car and was directed by the conductor to move to a forward car while the train was in motion. While passing between the cars he was injured. The carrier was held responsible. See, also, Hannibal & St. J. R. Co. v. Martin, 111 Ill. 219, a similar case.

In Boesen v. Omaha St. Ry. Co. 79 Neb. 381, 112 N. W. 614, plaintiff boarded a crowded street car and was directed by the conductor to stand on the running board. On reaching a switch the car was derailed and plaintiff was thrown from the car. It was held he was not guilty of contributory negligence and could recover.

Of course an act may be so obviously dangerous that a prudent man would not do it, even with the assent, approval or invitation of the trainmen. But we cannot say that plaintiff's act was of such a dangerous character that by application of this principle it can be said he was negligent as a matter of law. There is evidence that plaintiff knew that defendant had permitted its passengers to ride in the position in which he was riding and that no one had previously been injured in so doing. It cannot be said as a matter of law that plaintiff was negligent in following a practice thus countenanced by those in charge of defendant's train. Pool v. Chicago, M. & St. P. Ry. Co. 53 Wis. 657, 11 N. W. 15; Jacobus v. St. Paul & C. Ry. Co. 20 Minn. 110 (125), 18 Am. Rep. 360.

Order affirmed.