The Louisville, New Albany and Chicago Railway Company *v.* Snyder.

No. 13,475.

## THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY *v.* SNYDER.

EVIDENCE.—*Physician.*—*Expert.*—*Personal Injury.*—*Opinion.*—A physician, testifying as an expert, may give an opinion as to the nature and extent of an injury to the person, which is based in part on statements made to him by the injured party.

NEGLIGENCE.—*Common Carrier.*—*Injury to Passenger.*—*Pre-existing Disease.*— The right of a passenger to recover for an injury caused by the negligence of a railroad company is not impaired by the fact that he was afflicted with Bright's disease at the time he was injured.

SAME.—*Degree of Care Required of Carrier.*—Carriers are bound to use the highest practicable degree of care to secure the safety of passengers, and any omission to exercise that degree of care constitutes actionable negligence.

SAME.—*Presumption of Negligence.*—*Burden of Proof.*—The burden of overcoming the presumption of negligence arising from evidence of the occurrence of an accident and injury to a passenger, is upon the carrier.

SAME.—*Bridges.*—*Construction and Maintenance.*—*Inspection.*—A carrier, in the construction and maintenance of its bridges, can not rest upon the reputation of manufacturers and the external appearance of materials. It is bound to test and inspect such materials before they are put in place, and also from time to time during their use.

From the Clinton Circuit Court.

*S. O. Bayless* and *W. H. Russell,* for appellant.

*T. H. Palmer, W. F. Palmer, B. K. Higinbotham* and *M. Bristow,* for appellee.

ELLIOTT, C. J.—The appellee was a passenger on one of the appellant's trains, which, by the falling of a bridge, was precipitated into White River, and the appellee severely injured.

Dr. Bowles, an expert witness called by the appellant, gave an opinion as to the nature and extent of the injury sustained by the appellee, and on cross-examination it was developed that his testimony was in part based on statements made to him by the appellee.

The Louisville, New Albany and Chicago Railway Company v. Snyder.

Waiving all questions of practice, and deciding the appellant's motion to strike out, as if it were properly restricted to the alleged incompetent part of the testimony, we have no hesitation in deciding that the trial court did right in overruling the motion.   As we have often decided, the physical organs of a human being can not be inspected by the eyes of a surgeon, and the statements of the sufferer must, of necessity, be taken by the surgeon.   It is not possible for any surgeon, by a mere external examination, to always discover the character of an injury, and properly describe or treat an injured man, and for this reason, if for no other, the statements of the injured person, descriptive of present pains or symptoms, are always competent, although narratives of past occurrences are inadmissible.   On this point our own decisions are harmonious, and they are right upon principle, and are well supported by authority.   Cleveland, etc., R. R. Co. v. Newell, 104 Ind. 264; Louisville, etc., R. W. Co. v. Falvey, 104 Ind. 409; Louisville, etc., R. W. Co. v. Wood, 113 Ind. 544; Board, etc., v. Leggett, 115 Ind. 544; Hatch v. Fuller, 131 Mass. 574; Atchison, etc., R. R. Co. v. Johns, 36 Kans. 769; Quaife v. Chicago, etc., R. W. Co., 48 Wis. 513.   From these decisions we shall not depart.

The fact that the appellee was suffering from Bright's disease at the time he was injured does not impair his right of recovery.   The rule is this: "Where a disease caused by the injury supervenes, as well as where the disease exists at the time of the injury, and is aggravated by it, the plaintiff is entitled to full compensatory damages."   Ohio, etc., R. R. Co. v. Hecht, 115 Ind. 443.   Louisville, etc., R. W. Co. v. Wood, supra; Indianapolis, etc., R. W. Co. v. Pitzer, 109 Ind. 179; Terre Haute, etc., R. R. Co. v. Buck, 96 Ind. 346; Ehrgott v. Meyer, 96 N. Y. 246; Jucker v. Chicago, etc., R. W. Co., 52 Wis. 150; Denver, etc., R. W. Co. v. Harris, 122 U. S. 597; Lake Shore, etc., R. W. v. Rosenzweig, 113 Pa. St. 519; Houston, etc., R. W. Co. v. Leslie, 57 Texas, 83.

The rule we have stated is thus expressed in one of our

best text-books: "Though the plaintiff be afflicted with a disease or weakness which has a tendency to aggravate the injury, the defendant's negligence will still be held to be the proximate cause." Shear. & Redfield Neg. (4th ed.), section 742. The instructions clearly and properly state the law on this subject.

The court did not err in instructing the jury as to the degree of care required of the appellant, at least not as against the appellant. The rule is well settled that carriers are bound to use the highest practicable degree of care to secure the safety of passengers.

There was no evidence of contributory negligence on the part of the appellee, and the court might well have refused any instruction at all upon that point. Where a passenger is in his proper place in the car, and makes no exposure of his person to danger, there can be no question of contributory negligence. Decisions, like that of *Indiana, etc., R. W. Co.* v. *Greene*, 106 Ind. 279, in cases of persons injured at a railroad crossing, are not applicable to such a case as the one at our bar.

The law is, as the jury were told, that carriers of passengers are liable for the slightest negligence. Any negligence on their part is actionable. *Bedford, etc., R. R. Co.* v. *Rainbolt*, 99 Ind. 551.

The law will not tolerate any negligence on the part of carriers, although they are not insurers of the safety of their passengers.

The burden of overcoming the presumption of negligence arising from evidence of the occurrence of an accident and injury to a passenger, is upon the carrier. *Memphis, etc., Packet Co.* v. *McCool*, 83 Ind. 392; *Terre Haute, etc., R. R. Co.* v. *Buck, supra*; *Cleveland, etc., R. R. Co.* v. *Newell, supra*; *Bedford, etc., R. R. Co.* v. *Rainbolt, supra*; *Anderson* v. *Scholey*, 114 Ind. 553.

In *Louisville, etc., R. W. Co.* v. *Pedigo*, 108 Ind. 481, the

rule was applied in a case growing out of the same occurrence as that in which the appellee was injured.

The twenty-second instruction asked by the appellant and refused, reads thus:

"The court further instructs you that by 'negligence,' when used in these instructions, is meant either the failure to do what a reasonable person would ordinarily have done under the circumstances of the situation, or doing what such person would not have done under the existing circumstances."

This instruction was properly refused. It is not proper in such a case as this to define negligence as it is defined in this instruction. In a case of this character the omission to exercise the highest degree of practicable care constitutes negligence, but in other cases the failure to exercise ordinary care constitutes negligence. Counsel are greatly in error in asserting, as they do, that the instruction correctly furnishes the standard for the government of the jury. The appellant was, as we have substantially said, bound to do more than prudent men would ordinarily do, since it was bound to use a very high degree of care.

The duty of a railroad company engaged in carrying passengers is not always discharged by purchasing from reputable manufacturers the iron rods or other iron-work used in the construction of its bridges. The duty of the company is not discharged by trusting, without inspecting and testing, to the reputation of the manufacturers and the external appearance of such materials. The law requires that before the lives of passengers are trusted to the safety of its bridges, the company shall carefully and skilfully test and inspect the materials it uses in such structures. This duty of inspection does not end when the materials are put in place, but continues during their use, for the company is bound to test them from time to time to ascertain whether they are being impaired by use or exposure to the elements. *Manser* v. *Eastern, etc., R. W. Co.*, 3 L. T., N. S., 585;

The Cincinnati, Hamilton and Dayton R. R. Co. v. McMullen, Adm'r.

*Texas, etc., R. W. Co.* v. *Suggs*, 62 Texas, 323 (21 Am. & Eng. R. R. Cases, 475); *Stokes* v. *Eastern, etc., R. W. Co.*, 2 F. & F. 691; *Robinson* v. *New York, etc., R. R. Co.*, 9 Fed. Rep. 877; *Richardson* v. *Great Eastern R. W. Co.*, L. R., 10 C. P. 486; S. C., L. R., 1 C. P. Div. 342; *Ingalls* v. *Bills*, 9 Met. 1; *Funk* v. *Potter*, 17 Ill. 406; *Bremner* v. *Williams*, 1 Car. & P. 414; *Hegeman* v. *Western R. R. Co.*, 13 N. Y. 9; *Alden* v. *New York Central R. R. Co.*, 26 N. Y. 102.

The decision in the case of *Grand Rapids, etc., R. R. Co.* v. *Boyd*, 65 Ind. 526, is not in conflict with this doctrine, for in that case an inspection was made.

Judgment affirmed.

Filed Feb. 21, 1889.