We have examined the evidence, and we are unable to decide that it does not support the special verdict.

The judgment is affirmed.

Filed Sept. 16, 1891.

---

No. 75.

## The Kentucky and Indiana Bridge Company *v.* Quinkert.

RAILROAD.—*Negligence.*—*Injury to Passenger.*—*Violently Starting Train.*—*Pleading.*—*Complaint.*—In an action against a railroad company to recover damages for an injury received by the plaintiff while a passenger on one of defendant's trains, the complaint alleged that when the train stopped at the plaintiff's destination she was notified by the servants of the company to alight, and that she went out upon the platform, but could not get off where the train had then stopped, and was told by the servants of the company to remain on the platform ; that while she was thus upon the platform, in the dark, with a child in her arms, without giving her time to return into the cars, the train was negligently started with a violent jerk, which caused the car-door to violently close upon and injure her finger. The complaint alleged that the plaintiff was without fault.

*Held,* that the complaint shows actionable negligence on the part of the defendant, and that it was good against a motion to dismiss.

*Held,* also, that it does not appear from the averments of the complaint that the plaintiff was guilty of contributory negligence.

*Held,* also, that the plaintiff was not negligent in going upon the platform and placing her finger in a position where it was liable to be injured if

The Kentucky and Indiana Bridge Company *v.* Quinkert.

the door closed upon it, it not appearing that she so placed her hand voluntarily, and independent of the sudden motion of the train.

SAME.—*Pleading.*—The general averment that the plaintiff was without fault is sufficient, unless the facts specially pleaded clearly show negligence proximately contributing to the injury.

SAME. — *Passenger.* — *Obedience to Employee's Orders. — Contributory Negligence.*—A passenger who is told by an employee of the train to remain on the platform of the car until a more suitable place for alighting is reached, is not guilty of contributory negligence in failing to attempt to return to her seat when the car is started, if the danger is not so obvious that a reasonably prudent person would not have obeyed the employee.

SAME.—*Injury to Passenger.*—*Prima Facie Evidence of Negligence.*—Where injury is sustained by any one while upon a railway company's train as a passenger, it is treated as *prima facie* evidence of negligence on the part of the company. This rule applies not only to defects in machinery, but also to the acts of the servants engaged in operating the machinery.

CONTRIBUTORY NEGLIGENCE.— *Verdict.*—The verdict of a jury in respect to contributory negligence will not be disturbed except in very clear cases.

From the Floyd Circuit Court.

*A. Dowling,* for appellant.

*C. L. Jewett* and *H. E. Jewett,* for appellee.

NEW, C. J.—This is an action against the appellant, originating before a justice of the peace, to recover damages because of an injury to one of appellee's fingers, received while she was travelling on the cars of the appellant, and alleged to have been caused by the negligence of the latter, and without fault on the part of the appellee.

Before the justice, the appellant entered a special appearance, and moved to dismiss the action for want of a sufficient complaint. The motion was overruled, a full appearance made thereafter by the appellant, and trial by the court with finding and judgment for $200 in favor of the appellee. The company appealed to the circuit court, and there renewed the motion to dismiss for want of a sufficient complaint, which motion was overruled and exception reserved. There was a trial by jury, resulting in a verdict for the ap-

pellee in the sum of $100, and over a motion for a new trial, and exception, judgment was rendered upon the verdict.

The action of the court in overruling the motion to dismiss, and the motion for a new trial, is assigned as error by the appellant.

The complaint, in substance, is, that on the 8th of October, 1887, the defendant was operating a steam railroad, as a common carrier of passengers for hire, from the city of New Albany, Indiana, to Louisville, Kentucky; that the appellee paid to the appellant five cents to be carried on said road from Oak street to Fourth street in said city of New Albany; that when said train was stopped on Fourth street, the servants of the appellant notified the appellee to alight, and for that purpose she went out upon the platform of the car upon which she had been riding, through an open door which the defendant had negligently failed to secure or fasten, but allowed to remain so that a sudden start or jar of the train would cause the same to shut; that when she got upon the platform it was discovered that the servants of the appellant, in charge of the train, had negligently stopped the train at a place where the appellee could not alight, and thereupon said servants told her to remain on the platform; and without giving her time to return into the car, and while she was standing on said platform, in the darkness of the night, and holding her infant child in her arms, said servants negligently started said train with a violent jerk which caused said door to close violently upon the appellee's fingers, injuring, wounding and cutting them; that by reason of said injuries the appellee was disabled from attending to her daily duties, was permanently disabled as to one of her said fingers, and suffered great bodily pain and mental anguish, and was put to great expense for medical attention, to her damage in the sum of $200; that said injuries were received without any fault or negligence on her part.

Two objections are made to the complaint: First, that it does not show actionable negligence on the part of the appel-

lant; and, second, that notwithstanding the allegation that the appellee was without fault, other averments show that she was guilty of contributory negligence.

We doubt if the allegations relative to the failure of the appellant to secure or fasten the door tend to show negligence on the part of the appellant. We think, however, that, independent of that, there is such negligence alleged against the appellant, and freedom from fault on the part of the appellee averred, as required of the court below the overruling of the motion to dismiss the case. So long as the facts stated do not force the legal conclusion that there was contributory fault, the averment that there was no such fault entitles the plaintiff to have tried the question of fact whether there was such negligence. *Pittsburgh, etc., R. W. Co.* v. *Wright*, 80 Ind. 182.

According to the averments in the complaint the appellee was on the train of the appellant as a passenger, paying her fare, to be carried from Oak street to Fourth street in the city of New Albany. Having been received by the appellant upon its train as a passenger, with her fare paid, to be carried between the points named, it became the duty of the appellant to carry her safely, and to protect her from all wrongful or negligent acts on the part of its servants. *Pennsylvania Co.* v. *Dean*, 92 Ind. 459.

By the sale of a ticket, or the receipt of the price for transportation, from one point to another, a railway company expressly contracts to carry such person to the point covered by the contract, and in addition to that, a contract arises by implication, between the company and the passenger, that the latter shall be carried safely, so far as human foresight, reasonably exercised, can guard against disaster. 2 Wood Railway Law, p. 1178.

In the case of *Jeffersonville R. R. Co.* v. *Hendricks*, 26 Ind. 228, the court, speaking of the duty of railroad companies, said: "But they are required to exercise the highest degree of care to secure the safety of passengers, and are re-

sponsible for the slightest neglect, if an injury is caused thereby."

Other cases, of the same import, are found in the Supreme Court Reports of this and other States, and the rule is so stated in the text-books. *Sherlock* v. *Alling*, 44 Ind. 184; *Louisville, etc., R. R. Co.* v. *Kelly*, 92 Ind. 371; *Bedford, etc., R. R. Co.* v. *Rainbolt*, 99 Ind. 551; *Louisville, etc., R. W. Co.* v. *Thompson*, 107 Ind. 442; *Grand Rapids, etc., R. R. Co.* v. *Ellison*, 117 Ind. 234; *Louisville, etc., R. W. Co.* v. *Snyder*, 117 Ind. 435; *Louisville, etc., R. W. Co.* v. *Lucas*, 119 Ind. 583; 2 Wood Railway Law, p. 1093; 1 Shearman and Redfield Law of Negligence, sections 43, 51; 2 Shearman and Redfield Law of Negligence, sections 495, 496; Hutchinson Carriers, sections 500, 501; Thompson Carriers, pp. 200, 204.

The law will not tolerate any negligence on the part of carriers of passengers, although they are not insurers of the safety of their passengers. *Louisville, etc., R. W. Co.* v. *Snyder, supra.*

The *gravamen* of the action in such case is the (alleged) breach of the duty imposed by law upon the carrier to carry safely, so far as human skill and foresight can go, the persons it undertakes to carry.

It is alleged in the complaint that when the train stopped on Fourth street, the appellee was notified by those in charge of the train to alight, and that she went out upon the platform, but could not get off where the train had then stopped, and was told by the servants of the appellant to remain on the platform; that while she was thus upon the platform, in the dark, with a child in her arms, without giving her time to return into the cars, those in charge of the train negligently started the same with a violent jerk, which caused the car door to violently close upon and injure her finger. How violent the jerk or motion of the train was is not made very clear from the complaint, but if it was so violent as to produce the injury in the manner described, and the

violent motion or jerk of the train was because of the negligence of the appellant's servants in starting the train, the appellant, in the light of the authorities we have cited, would be liable therefor, if the appellee was free from contributory fault. That the sudden or violent motion or jerking of a train may be negligence, see *Louisville, etc., R. R. Co.* v. *Crunk*, 119 Ind. 542; *Louisville, etc., R. R. Co.* v. *Bisch*, 120 Ind. 549; *Dougherty* v. *Missouri R. R. Co.*, 81 Mo. 325; *Wood* v. *Lake Shore R. W. Co.*, 49 Mich. 370; 2 Wood Railway Law, 1125.

Was the appellee without fault according to the averments in the complaint?

It is alleged in the complaint, in direct terms, that there was no fault or negligence on her part. It has long been the rule in this State that the general averment that the plaintiff was without fault is sufficient, unless the facts specially pleaded clearly show negligence proximately contributing to the injury. *Board, etc.*, v. *Legg*, 93 Ind. 523; *Ohio, etc., R. W. Co.* v. *Walker*, 113 Ind. 196; *Louisville, etc., R. W. Co.* v. *Stommel*, 126 Ind. 35.

We do not think it is made to appear from the averments in the complaint that the appellee was in fault. The facts pleaded, instead of exhibiting contributory negligence, point the other way.

It is claimed by the appellant's counsel that the appellee failed in her duty when she went upon the platform of the car with her infant child in her arms, and permitted her hand or finger to be in a position where it was liable to be injured if the door closed upon it.

It does not appear from the complaint that the appellee voluntarily, and independent of the sudden motion of the train, so placed her hand, and even if it did so appear, we are not prepared to say as a matter of law that it would be negligence on her part, under the circumstances disclosed in the complaint, to stay or support herself by taking hold of the door frame.

It may be stated, as a general rule, that a passenger upon a railway car, who voluntarily and unnecessarily stands or rides upon the platform of the car when there are unoccupied seats in the car, is guilty of such negligence as will prevent a recovery for injuries received while so on the platform. Beach Con. Neg. 159. Nor will the fact that servants of the railway company invited, or even directed the passengers to occupy a position of danger, render the company liable for injuries resulting therefrom, if the danger was so obvious that a reasonably prudent person would not have obeyed the servant, or accepted the invitation. Patterson R. W. Ac. Law, 288; 2 Wood Railway Law, 1121, 1127, 1152, 1156; Hutchinson Carr., section 535; *Louisville, etc., R. R. Co.* v. *Kelly, supra.*

Upon the question of the extent to which a passenger may rely upon the judgment and direction of those in charge of the train, the Supreme Court of this State, in the well-considered case of *Cincinnati, etc., R. R. Co.* v. *Carper,* 112 Ind. 26, said: "A passenger may safely rely on the judgment of those placed in charge of the train, where it is not plainly open to his observation that reliance will expose him to danger that a prudent man would not incur, but he can not rely on their judgment where it would expose him to a risk that a reasonably prudent man would not assume."

In *Louisville, etc., R. R. Co.* v. *Bisch, supra,* it was said: "A passenger is justified, as a general rule, in obeying the direction of the employees of the carrier, and if he receives injury in obeying them, the carrier is liable, even if it appears that if he had not obeyed he would have escaped injury." In support of this rule many cases are cited.

In 2 Wood Railway Law, 1130, it is said: "The passenger may not in all cases rely upon the assurances of the company in this respect, but must exercise his own judgment where there is reason to seriously doubt the soundness of the advice, but as between a mere doubt and the experience and superior knowledge of the company's officers and agents,

he has a right to give way to the latter," unless to do so would be to incur a risk which a reasonably prudent person would not assume.

The case made by the complaint in the present action is not one of a passenger voluntarily leaving his proper place in the car, in violation, perhaps, of the rules of the company, to ride upon the engine, or some other known place of danger. She was upon the platform of the car, it is averred in the complaint, upon the invitation and direction of the appellant's servants, preparatory to leaving the train.

It was the duty of the appellant to so run its train as to have proper places for alighting. If the train was stopped and the appellee invited to get off at a place where she could not, as is alleged in the complaint, the appellant was thereby placed presumptively in the wrong to that extent, and the *onus* of explaining its conduct in that regard was upon it. *Terre Haute, etc., R. R. Co.* v. *Buck*, 96 Ind. 346.

If the place where the train stopped, on Fourth street, was one where the appellee could not alight, she should not have been called out upon the platform at that point, but should have been allowed to remain within the car until the proper place for getting off was reached. After reaching the platform, the train having already arrived at Fourth street, the appellee might naturally assume, if she had time to consider the question at all, that the distance yet to be travelled would be short; so short that by the time she could re-enter the car and resume her seat she would be compelled to return to the platform for the purpose of leaving the train.

After being directed to remain on the platform, the appellee had the right, within reasonable limits, to rely upon the presumption that the appellant would do its duty, and that she would be safe there.

Something is said in the complaint about the negligent

failure of the appellant to securely fasten, or close the door which closed upon and injured the appellee's finger. It is very plain, however, that the negligence chiefly complained of, and which must be treated as the proximate cause of the appellee's injury, was the negligent, violent starting of the train. As the complaint is framed, there is an unbroken chain between that negligence and the injury.

We are asked to reverse the case upon the evidence. With the record before us we are not inclined to disturb the verdict of the jury. It is shown by the evidence that the appellee received the injury for which she has sued while on the appellant's train as a passenger. It is the settled law of this State, as also the rule as stated by text-writers, that where injury is sustained by any one while upon a railway company's train as a passenger, it is treated as *prima facie* evidence of negligence on the part of the company. *Jeffersonville R. R. Co.* v. *Hendricks, supra; Pittsburgh, etc, R. R. Co.* v. *Williams,* 74 Ind. 462; *Cleveland, etc., R. W. Co.* v. *Newell,* 75 Ind. 542; *Memphis, etc., Co.* v. *McCool,* 83 Ind. 392; *Terre Haute, etc., R. R. Co.* v. *Buck, supra;* Redfield Carriers, section 341; Cooley Torts, 660, 663; 2 Wood Railway Law, 1095.

This rule, as declared and enforced in this State, does not apply alone to defects in machinery, but to the acts of the servants engaged in operating the machinery as well. *Memphis, etc., Co.* v. *McCool, supra; Terre Haute, etc., R. R. Co.* v. *Buck, supra.*

When such *prima facie* case is made out by the evidence, the *onus* is on the carrier to prove that, in point of fact, it was not guilty of negligence. *Louisville, etc., R. W. Co.* v. *Thompson, supra; Louisville, etc., R. W. Co.* v. *Snyder, supra.*

The point is made by counsel for the appellant that it is established by the evidence that the appellee was not told to alight from the train, but that she acted upon her judgment and went out upon the platform before the station was

called, and before the train had reached a safe and suitable stopping place.

It is not clear from the evidence whether the train had come to a full stop when the appellee went upon the platform of the car. The appellee testified that she thought the train had stopped to let her off. If it was true, as the appellee thought, that the train had stopped at the place, or station to which the appellant undertook to carry her, such stopping could be treated as an implied invitation to her to alight. *Louisville, etc., R. W. Co.* v. *Wood,* 113 Ind. 544.

It is certain, however, from the evidence, that the train had reached Fourth street, the appellee's destination, before she went upon the platform ; that the train had, at least, so far slowed up, that the conductor and brakeman were both off the train because of Fourth street having been reached ; and that the train had slowed up, or stopped, as the case may have been, for the express purpose of letting the appellee off. It is further shown, without contradiction, that after she had gone upon the platform, she was told by the brake-man to remain there, and she did remain until the injury occurred. The appellee was not getting off, nor attempting actually to leave the train when she was hurt. And, so far as we can know, she intended to remain there in obedience to the discretion of the brakeman until the train should come to a full stop.

Whether the appellee, when she went upon the platform of the car, took upon herself a risk of obvious danger and was, therefore, guilty of contributory negligence, were questions of fact for the jury. 2 Wood Railway Law, 1086.

The verdict of a jury in respect to contributory negligence will not be disturbed except in very clear cases. *Terre Haute, etc., R. R. Co.* v. *Buck, supra.*

The jury found for the appellee upon the issues. There was evidence tending to support the finding, and adhering,

as we must, to a well established rule, we can not disturb the verdict upon the weight of the testimony.

The judgment is affirmed, with costs.

Filed Sept. 16, 1891.