The Louisville, New Albany and Chicago Railway Co. *v.* Hobbs *et al.*

## No. 117.

### The Louisville, New Albany and Chicago Railway Company *v.* Hobbs et al. '

NEGLIGENCE.— *Injury to Railroad Employee.* — *Contributory Negligence.*— *Pleading.*—In an action against a railroad company for the negligent killing of a brakeman in its employ, the complaint alleged that the company had negligently and unskilfully placed a window on the top of the caboose, at the rear end of the freight train on which the brakeman was employed, so near the front end of the caboose that he could not climb out on the top of the caboose without falling between the cars; that it was the duty of the brakeman to set the brakes at all stations where his train was required to stop, and that in attempting to go to his post of duty by the usual way, which was through the window, he fell between the cars, and was killed, without negligence on his part. *Held,* that the complaint did not show that the brakeman was absent from his place of duty, within the meaning of the law, when he lost his life.

From the Jackson Circuit Court.

*E. C. Field* and *C. C. Matson,* for appellant.

*J. A. Zaring, M. B. Hottel, S. H. Mitchell* and *R. H. Mitchell,* for appellees.

NEW, J.—The amended complaint of the appellee is in two paragraphs.

It appears from the record that the cause was tried wholly upon the amended second paragraph of the complaint.

There was a trial by jury, with verdict and judgment for $750 in favor of the appellee.

The sufficiency of the amended second paragraph of the complaint was challenged by demurrer in the court below. The demurrer was overruled and exception reserved.

After proper averments of the relationship of the appellee to Charles H. Ostrander, the decedent, the taking out of letters of administration by the appellee, it is further alleged : " That the Louisville, New Albany and Chicago Railway Company was, on the 10th day of May, 1887, and is now, a corporation organized and doing business under the laws of

the State of Indiana; that said railway company was operating locomotives and trains of cars upon its right of way, extending from the city of Louisville, in the State of Kentucky, to the city of Chicago, in the State of Illinois, passing through the counties of Floyd and Washington, in the State of Indiana, prior to and on the 10th day of May, 1887; that said decedent was employed as brakeman by said defendant, and it was the duty of said decedent, as such brakeman, to set the brakes at all stations when said train was required to stop; that said company had negligently and unskilfully placed a window on the top of the caboose, at the rear end of said freight train on which said decedent was employed, so near the front end of said caboose as not to permit him, the said decedent, to climb out on the top of said caboose without falling between said cars; that said decedent, in attempting to go through said window, the usual way of passing to his post of duty, in order to get to his post of duty, and by reason of the window being the usual way to get to his post of duty, being placed so near to the front end of the caboose, he, the said decedent, in trying to get to his post of duty through said window, so unskilfully placed, fell down between the cars of said train and was killed near Salem, Washington county, Indiana, in the night time, without any fault or negligence on the part of said decedent; that said decedent had no knowledge of the dangerous and hazardous condition of said window on said caboose, through which he had to pass, and which was the usual way to get to his post of duty as such brakeman; that said company had not informed him of the dangerous condition of said window, of which said company had full knowledge; that said decedent had no opportunity of knowing the dangerous and hazardous condition of said window. Wherefore," etc.

It is contended by counsel for the appellant that it appears from the allegations in this paragraph of the complaint that the decedent met his death while away from his

post of duty, and that no reason or excuse is given for such absence. This is the only objection made to the pleading.

We do not think it is shown by the facts recited in this paragraph of the complaint that the decedent was absent from his place of duty, within the meaning of the law when he lost his life.

It is alleged that it was the duty of the decedent, as a brakeman, to set the brakes at all stations where his train was required to stop, and that he was attempting to go to his post of duty through said window, which was the usual way to his post of duty, when he fell between the cars and was killed. It would seem from this statement that the decedent, when the accident occurred which resulted in his death, was on his way, by the usual route, to the brakes, where his duty called him.

It is further alleged that there was no fault, or negligence, on the part of the decedent. This general averment, in that regard, was sufficient, unless the facts specially pleaded clearly disclosed negligence by the decedent, proximately contributing to his death. *Board, etc.,* v. *Legg,* 93 Ind. 523; *Ohio and Mississippi R. W. Co.* v. *Walker,* 113 Ind. 196; *Evansville, etc., R. R. Co.* v. *Crist,* 116 Ind. 446; *Louisville, etc., R. W. Co.* v. *Stommel,* 126 Ind. 35; *Kentucky, etc., Co.* v. *Quinkert,* 2 Ind. App. 244. Absence by a servant from his post of duty may, in some cases, constitute contributory negligence; but we do not think it is clearly shown by the facts pleaded in the case at bar that the decedent was guilty of contributory negligence; therefore that was a question to be determined by the jury. *Terre Haute, etc., R. R. Co.* v. *Buck,* 96 Ind. 346, and cases there cited; 2 Thompson Negligence, 1178, 1239.

It is not under all circumstances contributory negligence in a servant to expose himself to dangers which he could avoid. If the danger be not so great, nor so imminent, that a man of ordinary prudence would refuse to encounter it in the performance of his duty, the servant who voluntarily in-

curs the danger is not necessarily guilty of contributory negligence.    Patterson Railway Accident Law, 378; *Kane* v. *Northern Central R. W. Co.*, 128 U. S. 91; *Stoddard* v. *St. Louis, etc., R. R. Co.*, 65 Mo. 514; *Colorado, etc., R. R. Co.* v. *Ogden*, 3 Col. 499; *Ohio, etc., R. W. Co.* v. *Pearcy*, 128 Ind. 197.

The sufficiency of the complaint has not been attacked by counsel for the appellant, except upon the point of the absence of the decedent from his post of duty when killed, and we have therefore considered and passed upon that question alone.

The judgment is affirmed, with costs.

Filed Jan. 21, 1892.