# INDIANAPOLIS & MARTINSVILLE RAPID TRANSIT COMPANY *v.* REEDER, ADMINISTRATOR.

[No. 5,580. Filed February 1, 1906.]

1. APPEAL AND ERROR.—*Briefs.*—*Waiver.*—Alleged errors not discussed in appellant's brief are waived. p. 263.

2. SAME.—*Admission of Evidence.*—*Harmless Error.*—Where appellant admitted its liability and on appeal did not question the amount of recovery, alleged erroneous admission of evidence is harmless. p. 263.

3. EVIDENCE.—*Expressions of Pain.*—*Physicians.*—Evidence by a physician of his patient's expressions of pain during treatment is admissible. p. 264.

4. SAME.—*Physicians.*—*Opinions.*—A physician's opinion as to the amount or degree of pain suffered by a patient is admissible in evidence, even though it be a conclusion. p. 264.

From Hendricks Circuit Court; *Thomas J. Cofer*, Judge.

Action by Nellie Reeder, upon whose death after trial, John C. Reeder as administrator of her estate was substituted as plaintiff, against the Indianapolis & Martinsville Rapid Transit Company. From a judgment on a verdict for plaintiff, defendant appeals. *Affirmed.*

*Charles O. Roemler* and *James L. Clark*, for appellant.
*Brill & Harvey*, for appellee.

ROBY, J.—Action by Nellie Reeder for damages on account of personal injuries caused by a collision between cars upon one of which she was being carried as a passenger. Her death occurring after trial, her administrator was substituted as plaintiff. Upon the trial of the cause the appellant formally admitted that it was a common carrier of passengers at the time of the accident; that the plaintiff was a passenger upon one of its cars; that it did not transport her safely and with due care, but that a collision occurred by reason of its negligence, and that it was liable for any injury which she may have sustained by reason of said collision.

The cause was submitted to a jury, a verdict and judgment for $3,200, motion for a new trial overruled, and such action of the court assigned for error. In the motion for a new trial it is stated that the damages assessed by the jury are excessive, but the proposition is not referred to in argument, and is therefore waived.

The points argued relate to the admissibility of evidence, and, if well taken, would not justify a reversal of the judgment, appellant's liability be-

ing admitted, and the amount of recovery not questioned.

The trial court did not, however, err in the rulings complained of. The statements of an injured party made to a physician, expressive of his then present existing

3.  physical condition, may be given by the physician as a part of his testimony. *Cleveland, etc., R. Co.* v. *Newell* (1885), 104 Ind. 264, 269, 54 Am. Rep. 312; *Louisville, etc., R. Co.* v. *Snyder* (1889), 117 Ind. 435, 3 L. R. A. 434, 10 Am. St. 60; 1 Elliott, Evidence, §527. There was therefore no error in admitting the testimony of Dr. Kimberlin.

Dr. Reagan was asked the following question: "Doctor, to what extent has this woman suffered pain since this injury was inflicted upon her, as you have observed

4.  it? A. As I have observed it, she has suffered quite a good deal." The objection made was that the question called for a conclusion. If so, it was one competent for an expert witness to give; but, while the fact might be more keenly appreciated by the person suffering than by an onlooker, it was nevertheless a fact relative to which the onlooker, especially where he was a physician, might testify.

The judgment is affirmed.