HASTE *v.* RADIO CORPORATION OF AMERICA.

[No. 669A114. Filed April 23, 1970.]

*Paul Hirsch, Haymaker, Hirsch & Fink,* and *Robert V. Bridwell,* both of Indianapolis for appellant.

*Geoffrey Segar* and *Edward J. Ohleyer, Ice Miller Donadio & Ryan,* Indianapolis, for appellee.

LOWDERMILK, C.J.—This is an appeal from the award of the full Industrial Board of Indiana, made and entered June 5, 1969, arising out of a hearing and review on the 11th day of February, 1969, on appellee's Form 16 Application, together with appellant's Form 16 Application for the review of an award by a single member on November 19, 1968. The award was up on the hearing on the application of appellant for review on account of a change of conditions filed March 20, 1968, requesting a review of the award of the Industrial Board of December 16, 1967.

Both appellee and appellant filed their respective applications praying that the full Board review the award as to compensation made in the cause on November 19, 1968. The grounds were that the award was not sustained by sufficient evidence and was contrary to law.

Appellant's assignment of errors is that the award of the full Industrial Board, entered June 5, 1969, is contrary to law.

Under the assignment of error, appellant contends that the specific issue before this court was that the full Board erred in its ruling on the appellee's objection to the medical report of Dr. Lasich, dated August 19, 1968, and offered into evidence by appellant in lieu of the doctor's personally appearing at the hearing on October 24, 1968.

The hearing member overruled the objection and admitted Dr. Lasich's letter into evidence.

On the hearing before the full Board on February 11, 1969, appellee renewed its objection to the admission of Dr. Lasich's report and the full Board sustained the objection and made a finding there was a change in conditions that resulted in an increase of impairment, as a result thereof, and entered the following order:

"* * * That on September 14, 1966, the plaintiff herein was in the employ of the defendant, at an average weekly wage in excess of the maximum; that on said date the plaintiff sustained a personal injury by reason of an accident arising out of and in the course of his employment with the defendant. That said injury was in the nature of an injury to plaintiff's back.

"That plaintiff filed his Form 9 application for the adjustment of claim for compensation of September 13, 1967, and was awarded a 10 per cent permanent partial impairment to the man as a whole by the Industrial Board of Indiana, on December 16, 1967.

"It is further found that thereafter, pursuant to a disagreement between the parties, plaintiff filed his Form 14 application with the Industrial Board of Indiana for an increase in permanent partial impairment.

"It is further found that plaintiff's condition, as a result of said accidental injury of September 14, 1966, has now reached a permanent and quiescent state, and that plaintiff now has a permanent partial impairment of 15% of the man as a whole of which 10% is attributable to his condition on December 16, 1967, and that there is an increase of 5% permanent partial impairment to the man as a whole.

"Said Full Industrial Board of Indiana now finds for the plaintiff and against the defendant upon the plaintiff's form 14 application.

## AWARD

"IT IS, THEREFORE, CONSIDERED, AWARDED AND ADJUDGED by the Full Industrial Board of Indiana that the plaintiff shall have and recover from the defendant, compensation at the rate of $45.00 per week for a period of 25 weeks, beginning September 14, 1966, for his 5% increase of permanent partial impairment to the man as a whole.

* * *"

The sole point of error urged by appellant is that the full Industrial Board of Indiana erred in sustaining appellee's objection to the admission of the medical report of Dr. Lasich into evidence, as set out in the award, and thus the award of the full Board is contrary to law.

Dr. Lasich's report is in the words and figures as follows, to-wit:

"Mr. Paul Hirsch             "August 19, 1968
Attorney at Law
Room 806
Merchants Bank Building
Indianapolis, Indiana

"RE: James O. Haste
      Office Number: 8748

"Dear Mr. Hirsch:

"I saw Mr. Haste, a 24 year old male in this office on August 15 on referral from Dr. Herman Hoffman for an impairment evaluation to his back. The patient requested I send this report to you.

"He gives a history of having been employed at the R.C.A. Company for four years as a fireman prior to his injury which occurred on January 29, 1967. In his job as a fireman it required that he pull a heel plug out of a boiler which apparently was a hole for an ash blower. He states that some water had seeped around the pipe and had solidified the ash and this required him to give a good solid jerk to remove the plug on this particular occasion. With his strain pull effort he states he had a sudden episode of pain in his back which seemed to knock him out. He dropped to his knees with loss of control of his limbs momentarily. He was then sent to Methodist Hospital where apparently x-ray studies were made and was referred to Dr. John Suelzer, a local orthopedic surgeon. He was off work for a period of four to five days and tried to return to work, but could not continue. He had recurrent progressive pattern of discomfort and developed radiating symptoms into his right lower extremity.

"About three months after his injury he was admitted to Winona Hospital where he was placed in traction. Myelography was done. He has had an electromyogram done on two occasions. He states that in the course of this period he developed some numbness in his right leg, pain into the posterior calf and thigh and into the foot. His employment at the R.C.A. company was terminated in September, 1967. The patient has not worked since that time. Surgery has been suggested to him, but he is rather fearful of the result.

"His present symptoms appear to be moderate in nature and rather persistent. He indicates that he is unable to twist, turn, bend or lift. He wears a back support at all times and still continues with pain and occasionally with

coughing and sneezing. He still has the residual numbness in the right lower extremity.

"Otherwise, the patient is in good health.

"Examination of the patient shows some flattening of his back with some limited bending, circumferentially in all planes. Pain is elicited in the right leg especially with right lateral flexion. The leg lengths are of equal length. There is some weakness of the right extensor hallicus longus. There is some numbness in the right leg along the outer border of the foot and calf. There is a mild sciatic stretch sign present and the right ankle jerk is depressed somewhat compared to the left. The patient shows tenderness in the lumbosacral level.

"No x-ray studies were made on this occasion, but an x-ray had previously been made on the patient at Dr. Beeler's office in this building and on talking to Dr. Beeler about this apparently the patient does have a grade I spondylolisthesis at the lumbosacral level.

"It would appear that the patient does have a congenital problem at the lumbosacral level which he indicates is totally symptomatic prior to this episode of injury and though it would be considered an aggravation of a pre-existing condition the patient nonetheless does have an acute problem at this time. In addition his sciatic like symptoms would indicate that he has nerve root involvement, whether due to the pre-existing condition or most likely due to a new disc herniation. It is my opinion that this patient has an impairment of 35 per cent of the man as a whole at this time but I do feel that he could be improved surgically.

"If I can be of further service, please so inform me.

> "Yours very truly
> /S/ A. R. Lasich, M.D."

At the hearing before the full Industrial Board on February 11, 1969, upon the respective applications for review of the original award filed by each of the parties, appellee renewed its objections to the consideration of the report of Dr. Lasich, the same being plaintiff's Exhibit 1, which renewal of objection is as follows:

"Mr. Segar: May it please the Board, at this time the defendant would renew its objection made at the time of

the hearing on the form no. 14 application, as to the consideration of the report of Dr. Anthony R. Lasich, being plaintiff's exhibit 1, for the reason that the question before the board was one of a change in conditions as compared with the time the original hearing and the time as of the form 14; that Dr. Lasich did not see the patient prior to December 16, 1967, and was, therefore, in no position to testify as to whether or not there was or was not a change in conditions and it is that specific objection that we would like to renew as made at the time of the original."

A majority of the members of the full Industrial Board sustained appellee's objection.

Appellee contends that the ruling of the full Industrial Board in sustaining the objection is not before the court and that the sole issue is whether or not the award of the full Industrial Board is sustained by sufficient evidence. This court, to honestly pass on the question before us, must determine whether the evidence objected to and kept out should have been admitted and considered by the Board. Such determination has no bearing on whether or not the award that was actually made was sustained by sufficient evidence.

We will now consider appellee's objection made before the full Board on February 11, 1969, to the admission of Dr. Lasich's report of August 19, 1968, which objection has been hereinabove set out.

The objection was to the consideration of the Lasich report, the same being appellant's Exhibit 1, for the reason that the question before the Board was one of a change in conditions as compared with the time of the original hearing and the time as to the Form 14, and further, that Dr. Lasich did not see the appellant prior to December 16, 1967, and was not in a position to testify as to a change in conditions.

This portion of the objection is not well taken. The declaration of the patient as to his physical condition and injuries may form a part of the basis for a physician's report. See: *Louisville, etc. Ry. Co.* v. *Snyder* (1888), 117 Ind. 435, 436, 20 N. E. 284; *Conner* v. *First National Bank* (1947), 118 Ind. App. 173, 77. N. E. 2d 598.

While it is true that the hearing in issue was one of a change of conditions as compared to the time of the original hearing and the time as of the Form 14, it is immaterial whether Dr. Lasich did or did not see the patient, appellant, prior to December 16, 1967. The allegation that Dr. Lasich was in no position to testify as to whether there was or was not a change of conditions cannot be for the reason that he did not see the patient prior to December 16, 1967. Dr. Lasich had the patient's statement as to his prior physical condition. The further reason that Dr. Lasich's report would be admissible into evidence was the fact that he had seen appellant and had examined him on August 15, 1968, made his report on August 19, 1968, and the examination covered appellant's physical condition from January 29, 1967 (the same being corrected, by other evidence, to be September 14, 1966), the date of appellant's injury, up to and including August 15, 1968, which period covered the date of the first award on facts stipulated by the parties to a single Board member on December 16, 1967. The Lasich report also covered the period from December 16, 1967, to August 15, 1968, which covered a portion of the period of time in which appellant claims there was a change of conditions.

Although there was no comparison in the report offered into evidence as to a change in physical conditions, the objection was not broad enough to exclude it; it should have been admitted.

Dr. Lasich's report did, from the patient-appellant's own statement, show his physical condition on January 29, 1967 (the correct date of the accident was September 14, 1966) to August 15, 1968, when he was examined. The report did have probative value on the issue before the Board and could have and should have been weighed by the full Board.

Appellant's Exhibit 1 should have been admitted into evidence for such weight and credibility as it might have, if any, in the considerations of the full Board as to any change of

conditions between December 16, 1967, the date of the first award, and August 15, 1968, the date of Dr. Lasich's examination.

The exhibit discloses that appellant's employment was terminated by appellee in September, 1967; that he has not worked since that time, and surgery has been suggested to him.

The report further refers to his symptoms as being moderate in nature but persistent; that appellant indicates he is unable to twist, turn, bend or lift. He wears a back support at all times and still continues with great pain and occasionally with coughing and sneezing. He still has the residual numbness in the right lower extremity. There is also further evidence of damage to appellant's body, especially his limbs, and in the lumbar portion of his back.

The report, in our opinion, might indicate a change of conditions to appellant, wherein it says: ". . . would indicate he has nerve root involvement, whether due to the pre-existing condition or most likely due to a new disc herniation." This is a question of fact to be determined by the trier of the facts, as different minds may disagree as to when the nerve root involvement took place and when, if ever, there was a new disc herniation. This evidence should have been presented to and considered by the full Board with and in the light of all the evidence. It is possible that the Board may have determined there was a change of conditions from the evidence it accepted and the evidence of Dr. Lasich, had it been admitted, which would have entitled the appellant to a greater award than he did receive.

It is entirely possible that the Board may, on a new hearing, admit Exhibit 1 into evidence and with this evidence considered and weighed, together with all the evidence, arrive at its same findings and award. However, this court has not the authority to determine that question, as a determination by this court would necessarily require us to weigh the evi-

dence if we are to determine that there would be a change in the result. That we cannot weigh the evidence needs no citation of authority and we shall not attempt to do so.

We are, therefore, constrained to hold that the full Board erred in rejecting appellant's Exhibit 1 from the evidence; that for the reasons aforesaid the judgment and award of the full Board is contrary to law and the award is hereby reversed and remanded for further proceedings not inconsistent with this opinion.

Judgment reversed.

Costs versus appellee.

Carson, Cooper and Sullivan, JJ., concur

NOTE.—Reported in 257 N. E. 2d 313.